UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN E. HUDSON,

                        Plaintiff,

    v.

GREYHOUND LINES, INC. and
GLI HOLDING COMPANY,

                        Defendants.

**DECISION AND ORDER**
04-CV-1028S

## I. INTRODUCTION

In this action, Plaintiff John E. Hudson alleges that his employer, Defendants Greyhound Lines, Inc., and GLI Holding Company, retaliated and discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), § 290 of the New York Human Rights Law ("NY HRL"), and the Civil Rights Act of 1870, as amended, 42 U.S.C. § 1981 ("§ 1981").

Presently before this Court is Defendants' Motion for Judgment on the Pleadings on Plaintiff's retaliation claims brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[1]  For the reasons discussed below, Defendants' motion is denied.

## II. BACKGROUND

On February 16, 2006, this Court filed a decision resolving Defendants' Motion to Dismiss Plaintiff's Complaint.  (Docket No. 17).   Therein, this Court determined that

---

[1]In support of their motion, Defendants filed a memorandum of law and a reply memorandum of law.  (Docket Nos. 37, 49.)  Plaintiff filed a memorandum of law in opposition.  (Docket No. 44.)

Plaintiff's only timely retaliation claims are those related to his allegations that Defendants refused to allow him to return to work and then terminated his employment. (Docket No. 17). Plaintiff filed an Amended Complaint on May 22, 2006. (Docket No. 20). Defendants again seek dismissal of Plaintiff's retaliation claims.

The Rule 12(b) dismissal standard applies to motions brought under Rule 12(c). Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). This Court therefore assumes the truth of the following factual allegations contained in the Amended Complaint. See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S. Ct. 1848, 1850, 48 L. Ed. 2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

Plaintiff is an African-American male who resides in the City of Buffalo. (Amended Complaint, ¶ 3). He began working for Defendant Greyhound Lines, Inc. ("Greyhound") as a bus driver on or about June 20, 1975. (Amended Complaint, ¶ 13). In the early 1980's, Greyhound created Defendant GLI Holding Company ("GLI") as a subsidiary corporation. (Amended Complaint, ¶ 14).

It appears that Plaintiff was off for an unspecified period of time for medical reasons, but then was cleared to return to work effective November 13, 2001. (Amended Complaint, ¶ 16). To prepare for his return to work, Plaintiff met with John Comstock, who was Greyhound's Buffalo Terminal Manager. (Amended Complaint, ¶ 17). Plaintiff provided Mr. Comstock with his medical-clearance papers, at which time Mr. Comstock advised Plaintiff that he would schedule the necessary appointments for him to be able to return to work (e.g., physical, drug screening, safety refresher course). (Id.)

Between November 13, 2001, and March of 2002, Mr. Comstock never contacted

Plaintiff. (Amended Complaint, ¶ 18). Meanwhile, Plaintiff went to the Greyhound's Buffalo office at least three times per month during this time period to see what bus routes he could hold with his seniority. (Id.) In February of 2002, Plaintiff contacted Defendants' New York City office to complain that he was not being scheduled to return to work. (Amended Complaint, ¶ 20).

During the first week in March of 2002, Plaintiff again called Defendants' human resources office to check his employment status. (Amended Complaint, ¶ 21). He was advised that he had been terminated. (Id.) Plaintiff then went to Greyhound's Buffalo office to review his personnel file with Mr. Comstock. (Amended Complaint, ¶ 22). Plaintiff discovered that he had been written up for insubordination in 1998. (Id.) When Plaintiff inquired as to how he could have been written up for insubordination when he was out on work-related disability at the time, Mr. Comstock refused to allow him to review his file further. (Id.)

Plaintiff alleges that other similarly-situated Caucasian drivers — those who were on medical leave and brought medical-clearance papers back to Defendants — were scheduled for physicals in compliance with Defendants' policies. (Amended Complaint, ¶ 24). But Defendants failed to schedule Plaintiff's physical and subsequently terminated him. (Amended Complaint, ¶ 25). According to Plaintiff, these actions were the result of continued discrimination, harassment, and retaliation against him based on his race and prior complaints of discrimination and harassment. (Id.)

### III. DISCUSSION

**A.      Legal Standard**

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  A complaint should be dismissed only "if it appears beyond doubt that the [plaintiff] can prove no set of facts in support of his claim which would entitle him to relief."  Patel v. Searles, 305 F.3d 130, 135 (2d Cir. 2002).

Because Plaintiff is proceeding pro se, his submissions are entitled to broad consideration.  Federal courts routinely read pro se submissions liberally, and interpret them to raise the strongest arguments that they suggest.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  "This is especially true when dealing with pro se complaints alleging civil rights violations."  Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 (2d Cir. 2002).

Title VII makes it unlawful for employers to retaliate against employees who participate in protected activities, such as challenging discriminatory practices or actions. 42 U.S.C. § 2000e-3(a); Sanders v. N.Y. City Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004).  When evaluating a Title VII retaliation claim, courts employ the McDonnell-Douglas burden-shifting analysis. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d. 668 (1973).

Under that framework, the plaintiff must first establish a *prima facie* case of retaliation. If the plaintiff makes such a showing, the burden shifts to the defendant, who must point to evidence that there was a legitimate, non-retaliatory reason for the

employment decision at issue. If the defendant meets that burden, the plaintiff must demonstrate that "there is sufficient potential proof for a reasonable jury to find the proffered legitimate reason merely a pretext for impermissible retaliation." <u>Richardson v. New York State Dep't of Corr. Serv.</u>, 180 F.3d 426, 443 (2d Cir.1999).

## B.     Plaintiff's *Prima Facie* Case

To set forth a *prima facie* case of retaliation, which is all Plaintiff must do at this stage, Plaintiff must allege that (1) he participated in a protected activity, (2) his participation was known to the defendant, (3) he suffered an adverse employment action, and (4) a causal connection exists between the protected activity and the adverse employment action. <u>Id.</u>; <u>Jones v. Smithkline Beecham Corp.</u>, 309 F. Supp. 2d 343, 356 (N.D.N.Y. 2004). This rule applies to not only Plaintiff's Title VII claim, but also to his NY HRL claim. <u>See</u> <u>Schiano v. Quality Payroll Sys. Inc.</u>, 445 F.3d 597, 609 (2d Cir. 2006).

To satisfy this standard, Plaintiff must first allege that he was participating in a protected activity. Defendants argue that Plaintiff has failed to allege that they retaliated against him for complaining about discrimination. Instead, they maintain that Plaintiff alleges only that he was retaliated against for complaining about not receiving an invitation to return to work. This Court disagrees.

Reading the Complaint liberally, as this Court is required to do, Plaintiff alleges racial discrimination as being the root of each action taken by Defendants. (Amended Complaint, ¶¶ 30, 31, 41, 42.) He further alleges that Defendants retaliated against him for complaining about and opposing unlawful discriminatory practices. (Amended Complaint, ¶¶ 25, 51, 59). Affording Plaintiff every benefit of the doubt at this stage, this

Court presumes that Plaintiff's complaints to Defendants included that similarly situated Caucasian drivers were being treated more favorably.  (Amended Complaint, ¶¶ 24, 25.) This Court finds that Plaintiff has therefore sufficiently alleged that he was retaliated against for participating in a protected activity.

As to the second prong of the *prima facie* case, Plaintiff alleges that he complained to Defendants by going to the Buffalo office, and eventually complaining on several occasions to Defendants' New York City human resources office.  (Amended Complaint, ¶¶ 19-20).  Plaintiff alleges that during these visits and phone calls, he complained about the treatment to which he was being subjected.  (Amended Complaint, ¶ 20).  Defendants do not contest this prong.

As to the third prong, Plaintiff must allege that he suffered an adverse employment action.  In this Court's view, Plaintiff sufficiently alleges that although Defendants consistently failed to permit him to return to work, it was not until after he lodged his complaints with the Buffalo and New York City offices that he was advised that his employment had been terminated.  Termination of employment is an adverse employment action.  See Gregory v. Daly, 243 F.3d 687, 701 (2d Cir. 2001).

Finally, under the fourth prong, Plaintiff must allege a causal connection between his participation in a protected activity and the adverse employment action.  This Court is of the opinion that, at least for purposes of this Rule 12(c) motion, Plaintiff has properly pled that Defendants terminated him in retaliation for his complaints of discrimination.

In sum, drawing all inferences in Plaintiff's favor and reading his Amended Complaint liberally, this Court finds that Plaintiff has sufficiently pled his retaliation claims such that they survive Defendants' Motion for Judgment on the Pleadings.

**IV. CONCLUSION**

For the reasons stated above, Defendants' Motion for Judgment on the Pleadings

is denied.

**V. ORDER**

IT HEREBY IS ORDERED, that Defendants' Motion for Judgment on the Pleadings

(Docket No. 37) is DENIED.

SO ORDERED.

Dated:   September 8, 2007
         Buffalo, New York

/s/William M. Skretny
 WILLIAM M. SKRETNY
United States District Judge
